ED JACKAMONIS, Speaker State Assembly
The Committee on Assembly Organization has forwarded a proposed ordinance which was introduced before the Common Council of the City of West Allis, and, without specifically setting forth any question, requests my opinion thereon.
The ordinance would provide in material part: *Page 78 
 (5) Aldermen and Other Elected Officials retiring upon the completion of three (3) four-year terms shall be eligible for full payment of Health Insurance premiums by the City upon attaining sixty (60) years of age.
. . . .
 This ordinance shall take effect and be in force from and after its passage and publication.
It would appear that the question which needs to be answered is whether a city council can obligate the city and authorize the use of city funds for the full payment of health insurance premiums for the benefit of alderpersons and other elected officials who have left office after completion of three four-year terms.
It is my opinion that it cannot.
Correspondence from the West Allis Director of Administration and Finance attached to your request suggests that the city attorney was of the opinion that passage of the ordinance would result in a change of compensation of elected officials during their current terms and therefore "should not be passed."
As to the alderpersons and mayor, such attorney may have been concerned about the impact of sec. 66.196, Stats., which provides in part:
 An elected official of any county, city, town or village, who by virtue of his office is entitled to participate in the establishment of the salary attending his office, shall not during the term of such office collect salary in excess of the salary provided at the time of his taking office.
I am not aware of any other statute which would limit the council from increasing the salary or compensation of elected officials other than the mayor and alderpersons, so as to be effective during their terms, if we are in fact concerned with compensation. Section 62.09 (6), Stats., requires that any salaries for mayor and alderpersons be paid only when ordered by a three-fourths vote of all members of the council; that salaries heretofore established shall so remain until changed by ordinance; and that the council must act not later *Page 79 
than the first regular meeting in February to fix the salary for each officer who may "be elected or appointed for a definite term during the ensuing year." The statute does not provide for payment of deferred compensation, but rather contemplates that salary be established on an annual or term basis and that it be paid in monthly installments unless the council by ordinance shall establish payment at more frequent intervals.
In my opinion, however, we are not concerned with right to compensation, present or deferred, but with a benefit which is to be paid after a person has ceased to hold an office. It may be referred to as a retirement benefit by some persons. I am informed that the City of West Allis elected to be included in the Wisconsin Retirement Fund (WRF) in 1944. In 67 Op. Att'y Gen. 153, 160 (1978), it is stated: "Where a city or village has elected participation in the WRF, its authority to provide a supplemental plan arises from `home rule' or the duty to bargain collectively under subch. IV of ch. 111, Stats." Since the ordinance involves alderpersons and other elected officials we are not concerned with a labor contract.
In my opinion the question of whether a city can give supplemental benefits in the nature of payment of health insurance premiums to alderpersons and other elected officials after they are no longer in office is a matter of statewide concern. On the basis of the specific treatment of employes and officers, and separate treatment of retired employes, without mention of retired officers, in sec. 66.185, Stats., and the specific reference to retired officers and employes in sec. 66.186, Stats., which relates only to cities of the first class, I am of the opinion that cities other than those of the first class do not have legal authority to obligate the city and authorize the use of city funds for the payment of health insurance premiums on policies for the benefit of alderpersons and other elected officials who have left office.
Section 66.185, Stats., provides:
 Nothing in the statutes shall be construed to limit the authority of the state or municipalities, as defined in s. 345.05, to provide for the payment of premiums for hospital, surgical and other health and accident insurance and life insurance for employes and officers and their spouses and dependent children, and such authority is hereby granted. A municipality may *Page 80 
also provide for the payment of premiums for hospital and surgical care for its retired employes.
Section 66.186, Stats., provides:
 The common council of any city of the first class may, by ordinance or resolution, provide for general hospital, surgical and group insurance for both active and retired city officers and city employes and their respective dependents and for payment of premiums therefor in private companies. Contracts for such insurance may be entered into for active officers and employes separately from such contracts for retired officers and employes. Appropriations may be made for the purpose of financing such insurance. Moneys accruing to such fund, by investment or otherwise, not be diverted for any other purpose than those for which such fund was set up or to defray management expenses of such fund or to partially pay premiums so as to reduce costs to the city or to persons covered by such insurance, or both.
It is presumed that the Legislature had an adequate basis for the different treatment of active employes and officers as opposed to employes and officers who are no longer in service in cities of less than the first class and the similar treatment authorized for active and retired city officers and employes in cities of the first class.
BCL:RJV